IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01246-PAB-CBS

P.F. MCCARTHY, INC., a Colorado corporation,

    Plaintiff,

v.

COMPASS CAPITAL GROUP, LLC, an Arizona limited liability company,
RYAN ELLER, an individual,
UNITED STATES ARMY CORPS OF ENGINEERS, a federal government agency,
FEDERAL DEPOSIT INSURANCE CORPORATION, an independent federal government agency, as Receiver for FirsTier Bank,
SCHOMMER CONSTRUCTION, LLC, a Colorado limited liability company, and
HERRON ELECTRIC COMPANY, a Colorado limited liability company,

    Defendants.

**ORDER**

This matter is before the Court on the unopposed motion to set aside [Docket No. 61] the Clerk of the Court's entry of default [Docket No. 36] filed by defendant Compass Capital Group, LLC ("Compass").

The Court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). In determining whether to vacate the entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished opinion) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The Court need not consider each of

these three factors and may consider other factors in its discretion.  *Id.*  Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment."  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").  It is, however, within this Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency.  *Gomes*, 420 F.2d at 1366.

Compass entered an appearance shortly after the entry of default, and plaintiff, who does not oppose the motion, apparently does not believe it will be prejudiced by setting aside the default.  Under such circumstances, the Court deems it appropriate to set aside the entry of default.  *Cf. Bollacker v. Oxford Collection Agency, Inc.*, 2007 WL 3274435, at *3 (D. Colo. Nov. 5, 2007) ("Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits.") (citing *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Compass further requests that it be granted leave to file a responsive pleading within ten days after the lifting of the stay of discovery in this action.  Defendant, however, fails to explain why it cannot respond to the complaint until after the lifting of the stay.

Therefore, it is

**ORDERED** that the unopposed motion to set aside the entry of default [Docket No. 61] is GRANTED.  The entry of default [Docket No. 36] is set aside.  Compass shall

file its responsive pleading on or before **August 26, 2011**.

DATED August 15, 2011.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge